# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>HOME DEPOT INC.,COURTS OF THE<br>STATE OF CALIFORNIA and DOES 1<br>through 10,<br><br>            Defendants. | 1:11-cv-00034 LJO GSA<br><br>**FINDINGS AND RECOMMENDATION<br>DISMISSING THE COMPLAINT**<br><br>**ORDER DENYING REQUESTS FOR<br>STAYS**<br><br>**ORDER STRIKING PLAINTIFF'S<br>FIRST AMENDED COMPLAINT**<br><br>(Docs. 1, 5 and 7) |

## INTRODUCTION

On January 7, 2011, Plaintiffs April Premo Williams, filed a complaint alleging "violations of Title I and Title II of the American with Disabilities Act, violations of Section 504 of the Vocational Rehabilitation Act,[1] violations of the Thirteenth and Fourteenth Amendment of the Constitution, violations of the State of California Workers' Compensation and Labor Laws, Breach of Contract, Breach of Expressed Contract, Breach of Covenant of Good Fair Dealings,

---

[1] The Court presumes that Plaintiff is referring to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq* "(the Rehabilitation Act)."

1

1    and Intentional Infliction of Emotional Harm." (Doc. 1). Plaintiff has named Home Depot Inc.,

2    the Courts of the State of California, and Does one through ten as defendants.[2]  Plaintiff seeks

3    declaratory and injunctive relief. *Id.*

4         Plaintiff has also filed two Motions to Stay on February 28, and April 5, 2011 in which

5    she requests that this Court stay the other Courts' proceedings based on the filing of the instant

6    complaint. (Docs. 5 and 7).

7         On May 18, 2011, Plaintiff also filed a First Amended Complaint ("FAC").  (Doc. 9). The

8    FAC is identical to the initial complaint filed except that Plaintiff names eight additional

9    defendants in the caption: 1) the Worker's Compensation Board of the State of California; 2) the

10   Department of Industrial Relations of the State of California; 3) Shavonda Early, DWC

11   Disabilities Coordinator; 4) Judge David Bovett; 5) Judge Timothy Salter; 6) Judge Vincent

12   Misent; 7) the Department of Social Services of the State of California; and 8) the Superior Court

13   of the State of California County of Stanislaus.

14        A review of the FAC reveals that it was improperly filed and will be STRICKEN.  As

15   noted above, the only difference between the complaint and the FAC are the additional

16   defendants named in the caption of the pleading.  The body of the complaint does not link any of

17   the newly named defendants to any alleged unlawful activity in any of the causes action.

18   Therefore, this Court is unable to ascertain what conduct the newly added defendants allegedly

19   engaged in, or how their conduct relates to any of the causes of actions.  Moreover, the Court did

20   not give Plaintiff leave to amend the complaint.[3] As such, the governing pleading in this case is

21   _____

22        [2] It is not entirely clear from Plaintiff's complaint whether she alleges the causes of action against both
     defendants.  Generally, the Court would allow Plaintiff an opportunity to amend the complaint to correct this

23   deficiency.  However, as outlined below, the Court will recommend that Plaintiff's complaint be dismissed.
     Therefore, for purposes of this screening order, the Court presumes Plaintiff intended to name both defendants in all

24   causes of action.

25        [3] Fed. R. Civ. P. 15 provides that a Plaintiff may amend the complaint within 21 days of serving it. F.R.C.P.
     § 15(a)(1)(A).  In all other circumstances, a party may amend the pleading only with the opposing party's written

26   consent, or with the Court's leave.  In this case, Plaintiff filed two proofs of service however, each of these proofs
     are deficient.  (Docs. 4 and 8).

27        As a preliminary matter, the Courts of the State of California is not a proper defendant as this is not a

28                                              2

1  the complaint filed on January 7, 2011. Finally, as outlined in more detail below, this Court will

2  not exercise its jurisdiction over this matter.  Accordingly, an amendment would be futile.

3                                   **FACTUAL SUMMARY**

4         Plaintiff's complaint is confusing, however, it appears that she is contesting a Worker's

5  Compensation proceeding.  According to the complaint, Plaintiff suffers from epilepsy, diabetes,

6  Hashimoto Thyroiditis, melanoma, and learning disabilities including mental retardation in the

7  areas of "visual perception, auditory recall, comprehension of abstract concepts of numbers, and

8  coordination of visual and motor dexterity." (Doc. 1 at pg. 2).  Plaintiff contends she was injured

9  on April 15, 2003, while she was employed at Home Depot.  At this time, she allegedly fell while

10  throwing items into the trash compactor which resulted in injuries to her left shoulder, knee,

11  neck, and back.  (Doc. 1 at pg. 4).

12         Plaintiff subsequently filed a Worker's Compensation claim to obtain remediation for her

13  injuries.  She contends that during this proceeding, Home Depot requested that she see its doctors

14  rather than Plaintiff's own doctor. (Doc. 1 at pg. 4).  Plaintiff also contends that Home Depot

15  agreed to pay for two surgeries and other medical services but refused to pay for the services

16  rendered as agreed upon.  (Doc. 1 at pgs. 4-5).  Plaintiff filed an appeal with the Worker's

17  Compensation Appeals Board and requested a hearing for a "breach of contract" by Home Depot.

18

19

20  properly named defendant.  Furthermore, Fed. R. Civ. P. 4(j) requires that when a complaint or pleading is served on
   a state or local government, the state's law for serving a summons governs.  California Civil Procedure § 416.50
21  provides that a summons may be served on a public entity by delivering a copy of the summons and of the complaint
   to the clerk, secretary, president, presiding officer, or other head of its governing body.  In this case, Plaintiff
22  initially served the Attorney General for the State of California on January 21, 2011. (Doc. 4).  This was not proper
   service.  Plaintiff attempted to re-serve the complaint on several agencies which were not named in the initial
23  complaint, however, this proof of service is also defective as the date and manner of service are not indicated on the
   proof of service, and the appropriate parties were still not properly served. (Doc. 8).

24         Similarly, Plaintiff's service of the complaint on Home Depot was also improper.  Plaintiff sent a copy of
   the complaint to "Albert and Mackenzie" the alleged attorney's office for Home Depot.  Pursuant to Fed. R. Civ. P.
25  4(h), Plaintiff may serve a corporation by delivering a copy of the summons and the complaint to an officer,
   managing or general agent, or by delivering a copy to an agent authorized to receive service.  See, Fed. R. Civ. P.
26  4(h) and 4(e).  Plaintiff could have also effected service by properly following California law governing service on a
   corporation, however, she also failed to properly implement any of these procedures. See, California Civil Procedure
27  § 416.10. Therefore, Plaintiff was required to obtain leave of the Court in order to file an amended complaint.  No
   such leave was filed and as a result, the FAC will be stricken.

28                                          3

1    *Id*.  She also requested that the hearing be completed in writing due to her disability.  As of the

2    date of the filing of the complaint, Plaintiff had not received notification that her request for a

3    written hearing was granted and she therefore, presumes it was denied.  (Doc. 1 at pg. 5).

4        As a result of the above, Plaintiff has alleged causes of action for "violations of Title I

5    and Title II of the American with Disabilities Act, violations of Section 504 of the Vocational

6    Rehabilitation Act, violations of the Thirteenth and Fourteenth Amendment of the Constitution,

7    violations of the State of California Workers' Compensation and Labor Laws, Breach of

8    Contract, Breach of Expressed Contract, Breach of Covenant of Good Fair Dealings, and

9    Intentional Infliction of Emotional Harm."  (Doc. 1).  Plaintiff is seeking *inter alia*, declaratory

10   relief, compensatory damages, and attorney's fees.

11       In addition to the Complaint, Plaintiff filed two Motions for Stay wherein she indicates

12   that she has filed a Writ of Mandate in the Stanislaus County Superior Court.[4]  In the motions,

13   Plaintiff requests that this Court stay the proceedings at the Stanislaus Superior Court, as well as

14   before the Worker's Compensation Appeals Board, because she has made requests that the

15   proceedings be completed in writing rather than orally and the judges have refused to honor her

16   requests.

17                                          **DISCUSSION**

18   ***A.    Screening Standard***

19       "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the

20   Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or

21   malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

22   against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Omar v.*

23   *Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62

24

25       [4] Plaintiff did not explicitly indicate that the Writ of Mandate was filed in Stanislaus Superior Court,
26   however, the Court has inferred this fact from the rest of the information contained in the pleadings and has
     confirmed that Plaintiff did in fact file a civil action against Stanislaus County, State of California, case number
27   660647 in the Stanislaus County Superior Court on December 14, 2010.  See, www.stahnct.org.

28                                              4

1   (9th Cir. 1981).  If the Court determines that the complaint fails to state a claim, leave to amend

2   may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

3   *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

4          A complaint must contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

8   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

9   must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

10  face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

11  are accepted as true, legal conclusion are not.  *Id*. at 1949.

12         If the Court determines that the complaint fails to state a claim, leave to amend should be

13  granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

14  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a

15  claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has

16  alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

17         A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*,

18  490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  A frivolous claim is based on an

19  inarguable legal conclusion or a fanciful factual allegation.  *Id.*  A federal court may dismiss a

20  claim as frivolous if it is based on an indisputably meritless legal theory or if the factual

21  contentions are clearly baseless.  *Id.*

22         **B.      *Younger Abstention***

23         Plaintiff is asking this Court to intervene in two state proceedings: a Worker's

24  Compensation Appeal Board hearing, and a Writ of Mandate at the Stanislaus Superior Court.[5]

25  _____

26      [5] Although Plaintiff's complaint only references the Worker's Compensation Appeal Board proceeding, her
    subsequent motion clearly references proceedings pending in the Stanislaus County Superior Court and the Court
27  addresses this proceeding as well.

28                                                  5

As a preliminary matter, the Court finds that abstention is appropriate and therefore declines to exercise jurisdiction over Plaintiff's action.

"Younger abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a *pending* state court proceeding." Poulos v. Caesars World, Inc., 379 F.3d 654, 669 (9th Cir. 2004) (emphasis added) (citations omitted). Younger abstention is required if: (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994).

It is clear that the state law proceedings are ongoing in this instance. Moreover, the state has an important and substantial interest in overseeing, managing and adjudicating Worker's compensation issues. Thus, the state has a substantial interest in insuring that the program gets implemented fairly and that disputes are handled consistently. Although Plaintiff may not be able to raise federal constitutional claims in the Workers' Compensation action per se, "[her] ability to raise the claims via state judicial review of the administrative proceedings suffices." Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir.1992) (internal quotation marks and citations omitted). California Labor Code section 5952 provides for judicial review of the WCAB decision, including a determination as to whether the WCAB acted in excess of its powers, or the order, decision or award was unreasonable." Cal. Labor Code, §§ 5950, 5952(a) and (c).

Finally, although Plaintiff is alleging violations of the American with Disabilities Act and the Rehabilitation Act, these are issues that can be raised in the state court proceedings and addressed on appeal if needed. Similarly, even if the Court did not abstain under Younger, Plaintiff's other causes of action in the complaint would fail for the reasons set forth below

### C.    *Constitutional Violations*

Plaintiff has alleged violations of the Thirteenth and Fourteenth Amendments of the Constitution. Although Plaintiff failed to so, the proper manner in which to plead this cause of action is by alleging violations of 42 U.S.C. § 1983.

The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.  42 U.S.C. § 1983...

Here, Plaintiff alleges violations by Home Depot, however, Home Depot is not a state actor.  As a result, Plaintiff is unable to make allegations of constitutional violations against this Defendant.  Moreover, the statute  plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  In this case, the only state actor that Plaintiff has named is the "Courts of the State of California," however, Plaintiff has not alleged conduct by a particular individual that violates any amendment of the Constitution.

       *a.     Fourteenth Amendment*

Plaintiff alleges a violation of the Fourteenth Amendment because she is entitled to accommodation and Defendants' refusal to do so violates her right to due process.  Plaintiff argues that because courts provide attorneys for illegal immigrants who are charged with a crime, Defendants should have known that failure to accommodate her disability would result in emotional distress.

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S.

1   539, 556 (1974).  Procedural due process claims require (1) a deprivation of a constitutionally

2   protected liberty or property interest, and (2) a denial of adequate procedural protections.  Kildare

3   v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  However, the Supreme Court has held that "state

4   proceedings need to no more than satisfy the minimum procedural requirements of the

5   Fourteenth Amendment Due Process Clause in order to qualify for the full faith and credit

6   guaranteed by federal law.  Kremer v. Chemical Construction Corporation, 456 U.S. 461, 481

7   (1982).  Appropriate safeguards include the right to submit exhibits, present evidence, present the

8   testimony of witnesses, rebut evidence submitted and be assisted by counsel.  Kremer v.

9   Chemical Construction 456 U.S. at 483-484.  Plaintiff has appeal rights in the state system to

10  address any alleged due process violations during those proceedings.  Therefore, she has failed to

11  state a claim for this cause of action.

12                          *b.*      *Thirteenth Amendment*

13          Plaintiff also alleges a violation of the Thirteenth Amendment of the Constitution on the

14  basis that there is a statutory prohibition of involuntary servitude.  Plaintiff alleges Home Depot

15  violated this amendment by failing to perform various duties.  However, as noted above, Home

16  Depot is not a state actor and therefore cannot be subject to a cause of action based on a

17  constitutional violation.

18          **D.**      **Eleventh Amendment Immunity**

19          Defendant "Courts of the State of California" is entitled to immunity under the Eleventh

20  Amendment  to the federal Constitution which provides "[t]he Judicial power of the United

21  States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

22  against one of the United States by Citizens of Another State, or by Citizens or Subjects of any

23  Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment ...

24  enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's

25  subject matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 117 S.Ct. 2028, 2033,

26  138 L.Ed.2d 438 (1997).

27

28                                          8

1    "The Eleventh Amendment prohibits federal courts from hearing suits brought against an

2    unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has

3    long been construed to extend to suits brought against a state by its own citizens, as well as by

4    citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th

5    Cir.1991), cert. denied, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992) (citation omitted);

6    see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252

7    (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113

8    S.Ct. 684, 121 L.Ed.2d 605 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th

9    Cir.1991).

10    The Eleventh Amendment bars suits against state agencies as well as those where the

11    state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Authority v. Metcalf &

12    Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); Natural Resources

13    Defense Council v. California Dept. of Transportation, 96 F.3d 420, 421 (9th Cir.1996); Brooks,

14    951 F.2d at 1053; see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995)

15    (per curiam) (Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d

16    1040, 1045 (9th Cir.1989) (Nevada Department of Prisons was a state agency entitled to

17    Eleventh Amendment immunity).  In this instance, Plaintiff names the "Courts of the State of

18    California" as a defendant which is a state entity and therefore, it is immune from liability for the

19    constitutional challenges.[6]

20         **E.    State Law Causes of Action**

21    Plaintiff alleges several state law causes of action including, violations of the State of

22    California Workers' Compensation and Labor Laws, Breach of Contract, Breach of Expressed

23    Contract, Breach of Covenant of Good Fair Dealings, and Intentional Infliction of Emotional

24    Harm.  As the Court will recommend that the claims over which it had original jurisdiction be

25

26         [6] The Court does not make a ruling on whether Defendant, the Courts of the State of California are immune

27    under the Plaintiff's claims under the ADA or the Rehabilitation Act.

28                                          9

1    dismissed, it declines to exercise supplemental jurisdiction over these state law claims.  See 28

2    U.S.C. § 1367(c)(3); see also Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (holding that the

3    district court may decline to exercise supplemental jurisdiction over related state-law claims once

4    it has dismissed all claims over which it had original jurisdiction).

5                                          **CONCLUSION**

6            Based on the above, this Court recommends that all of the causes of action in Plaintiff's

7    complaint be DISMISSED WITHOUT LEAVE TO AMEND.  Moreover, it is recommended that

8    the following order issue: IT IS HEREBY ORDERED that Plaintiff's motions for stay are

9    DENIED as moot (Docs. 5 and 7), and the First Amended Complaint (Doc. 9) is STRICKEN.

10           These findings and recommendations regarding the dismissal of the complaint are

11   submitted to the Honorable Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B).[7]  Within

12   thirty (30) days of service of this recommendation, Plaintiff may file written objections to these

13   *findings and recommendations* with the Court and serve a copy on all parties.  Such a document

14   should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The

15   district judge will review the magistrate judge's findings and recommendations pursuant to 28

16   U.S.C. § 636(b)(1)(c)  Plaintiff is advised that failure to file objections within the specified time

17   may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

18   Cir. 1991).

19

20

21

22           IT IS SO ORDERED.

23       **Dated:    May 23, 2011                            /s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE
24

25

26
         _____

27           [7] Objections may be filed only with regard to the Findings and Recommendations dismissing the complaint
     without leave to amend.  The orders denying Plaintiff's motions for stays and striking the FAC are final orders.

28                                                10